IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW C. STELLY, on behalf of himself and the class he seeks to represent, | ) ) ) ) | 8:15CV407 |
| Plaintiff, | ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| ARUN AGARWAL and WHITE LOTUS MANAGEMENT, | ) ) ) | |
| Defendants. | ) | |

Plaintiff Matthew Stelly, a non-prisoner, filed a "Complaint for a Preliminary Injunction" on November 6, 2015. (Filing No. 1.) Stelly has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

### I. SUMMARY OF COMPLAINT

Stelly purports to bring this action on behalf of a class of "objectors" or "potential objectors" who oppose Defendants' purchase of property in Omaha, Nebraska, known as the Great Plains Black Museum. Stelly does not allege that Defendants are state actors or that the property at issue is public property. Stelly wishes to stop the purchase of this property because he believes the purchase will "create a hostile atmosphere throughout the community . . . as the purchaser is someone who has not put any time or work into said area." (Filing No. 1 at CM/ECF p. 2.) Stelly asks this court to intervene by issuing a preliminary injunction restraining Defendants from purchasing the property.

### II. DISCUSSION

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes,

federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." [Fed. R. Civ. P. 12(h)(3)](.).

Subject matter jurisdiction is proper pursuant to [28 U.S.C. § 1332](.), commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." [Ryan v. Schneider Natl. Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001)](.). In addition, the amount in controversy must be greater than $75,000.00. [28 U.S.C. § 1332(a)](.).

Subject matter jurisdiction is also proper under [28 U.S.C. §§ 1331](.) when a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. [Northwest South Dakota Prod. Credit Ass'n v. Smith, 784 F.2d 323, 325 (8th Cir. 1986)](.). Under this type of jurisdiction, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law" in order to bring a claim under [42 U.S.C. § 1983](.). [West v. Atkins, 487 U.S. 42, 48 (1988)](.); [Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)](.).

Stelly's Complaint does not allege that the parties are diverse; Stelly does not allege an amount in controversy; his allegations present no "federal question"; and he fails to identify the authority under which this court may intervene to prevent private-party Defendants from purchasing private property.[1] Therefore, Stelly has failed to establish a basis upon which this court may exercise jurisdiction in this matter.

---

[1] In addition, Stelly has not alleged any particularized injury sufficient to establish standing. *See* [Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014)](.). He has no apparent connection to the property aside from being a concerned member of the community. Moreover, as a pro se party, Stelly may not represent parties other than himself. *See* [Tyler v. Term Limit Statute of State of Neb., No. 8:08CV129, 2008 WL 2129828, at *1 (D. Neb. May 19, 2008)](.) ("Pro se litigants may not represent other parties, even in class action proceedings.") (citing [Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)](.)).

On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's subject matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's subject matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this matter: April 4, 2016: Deadline for Plaintiff to file amended complaint.

DATED this 4th day of March, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.